## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**CHARLOTTE GREEN**,                    Case No.  **13-61650-7**

Debtor.

## MEMORANDUM OF DECISION

At Butte in said District this 27ᵗʰ day of August, 2014.

In this Chapter 7 case, after due notice a hearing was held at Missoula on July 10, 2014, on the Trustee's motion to approve compromise settlement filed on May 28, 2014 (Document No. 52) between the Trustee and Suntrust Mortgage, Inc. ("Suntrust") and Mortgage Electronic Registrations System ("MERS") related to Adversary Proceeding No. 14-00004 ("Adv. Pro. 14-00004"), based on an order entered in the United States District Court for the District of Montana in Case No. CV 13-159-M-DWM-JCL ("Case No. CV 13-159-M"), which approved and adopted the U.S. Magistrate Judge's Order, and Findings and Recommendations to dismiss the Debtor's claims for relief.  The Debtor Charlotte Green filed objections and appeared pro se at the hearing, and testified in opposition.  The Trustee Richard J. Samson appeared and testified in support. The Trustee's Exhibits ("Ex.") 1 and 2 were admitted into evidence, and the Court took judicial notice of the U.S. Magistrate Judge's Findings and Recommendations entered in Case No. CV

1

13-159-M.  At the conclusion of the parties' cases-in-chief the Court took the Trustee's motion under advisement.  After review of the record and applicable law, and after consideration of the factors listed in *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1380-81 (9th Cir.) *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed. 2d 122 (1986), for the reasons set forth below the Debtor's objection is overruled, the Trustee's motion is granted and the settlement is approved.

This Court has jurisdiction of this Chapter 13 case and Adv. Pro. 14-00004 under 28 U.S.C. § 1334.  The Trustee's Motion to approve compromise settlement is a core proceeding under 28 U.S.C. § 157(b)(2).  This Memorandum of Decision includes the Court's findings of fact and conclusions of law.

Prior to the hearing the Trustee filed a second motion (Doc. 61) to approve compromise settlement with Seterus, Inc. ("Seterus") and Federal National Mortgage Association ("Fannie Mae") arising out of the same District Court Case No. CV 13-159-M.  The Debtor filed an objection to the Trustee's first motion, but the notice period to file objections and request a hearing on the Trustee's second motion had not expired by the date of the July 10, 2014, hearing. The Court granted the Debtor the remainder of the notice period to file a response and request a hearing on the Trustee's second motion, but the Debtor did not file a response.  Consequently, this Memorandum of Decision will address the Trustee's second motion to approve compromise with Seterus and Fannie Mae as well as the first motion.

A foreclosure sale of Debtor's residence was concluded and a trustee's deed conveying title to Debtor's residence to Fannie Mae was recorded April 26, 2013.  Ex. 1.  The Debtor, pro se, commenced Case No. CV 13-159-M in the United States District Court for the District of

Montana against Seterus, Fannie Mae, Suntrust, and MERS asserting ten causes of action against defendants under federal and state law, including: wrongful foreclosure, fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, slander of title, quiet title, declaratory relief, violations of the Home Ownership Equity Preservation Act, 15 U.S.C. § 1639 and Trust in Lending Act, 15 U.S.C. § 1601 through § 1667f, violations of the real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*, and rescission.

Defendants filed motions to dismiss Debtor's claims based on Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  The U.S. Magistrate Judge entered the order, Findings and Recommendations (Doc. 58 in Case No. CV 13-159-M) on November 7, 2013.  The magistrate judge's order addresses Debtor's 10 claims for relief separately.  The magistrate judge recommended that the motions to dismiss be granted and that all ten of the Debtor's claims for relief be dismissed with respect to Suntrust, Fannie Mae and MERS.  The U.S. District Court by order entered on December 3, 2013, adopted the magistrate judge's Findings and Recommendations in full, granted the motions to dismiss and dismissed Debtor's claims against Suntrust, Fannie Mae and MERS.  Ex. 2.

Debtor filed the instant bankruptcy case under Chapter 13 on December 27, 2013.  The case was converted to Chapter 7 on February 24, 2014, and Richard J. Samson was added to the case as Trustee.

The Debtor, pro se, filed a complaint initiating Adv. Pro. No. 14-00004 on January 29, 2014, naming among others as defendants Fannie Mae, Suntrust, MERS, and Seterus.  The complaint avers six (6) causes of action arising from the same foreclosure sale of Debtor's residence:  (1) Violations under Title 12 § 226.39 (regulation Z) part (a) ("Wrongful

3

Foreclosure"); (2) civil RICO violation 18 U.S.C. § 1962; (3) violation of the Hobbs Act – 18

U.S.C. § 1951; (4) civil conspiracy; (5) violation of the Fair Debt Collection Practices (FDCPA)

U.S.C. 1692e § 807(5); and (6) declaratory relief rescinding the foreclosure auction sale of

Debtor's residence.

     In Adv. Pro. 14-00004, Seterus and Fannie Mae filed motions to dismiss based on the

U.S. District Court's order adopting the magistrate judge's Findings and Recommendations and

Rule 12(b)(6).  When the Debtor failed to respond the Court granted those motions to dismiss.

The Debtor moved to vacate dismissal, which the Court granted.  Fannie Mae and Seterus filed a

Request to take judicial notice in Adv. Pro. 14-00004 on June 4, 2014, seeking that the Court

take judicial notice of the U.S. District Court's order, the magistrate judge's Findings and

Conclusions, and other matters in Case No. CV 13-159-M.  Debtor filed objections to judicial

notice.  Seterus and Fannie Mae filed a notice of settlement on June 11, 2014, with the Trustee.

     In the above-captioned Chapter 7 case the Trustee filed his motion to approve

compromise settlement (Doc. 52) between the Trustee and Suntrust and MERS on May 28, 2014,

seeking approval of a settlement and release of all claims in Adv. Pro. 14-00004 against Suntrust

and MERS in exchange for payment of the sum of $1,800.00.  The Debtor objected on the

grounds she is being denied her civil rights and due process of law and wants to be able to

conduct discovery.

     The Trustee filed a second motion to approve compromise settlement (Doc. 61) with

Seterus and Fannie Mae on June 23, 2014, seeking approval of a settlement and release of all

claims in Adv. Pro. 14-00004 against Seterus and Fannie Mae in exchange for payment of

$1,800.  Debtor did not file a response, but the Debtor stated at the hearing on July 10, 2014,

that she objects to the Trustee's second motion to approve settlement. The Court presumes that she objects to the Trustee's second motion on the same grounds as her objection to the first.

At the hearing the Trustee testified that he learned about Adv. Pro. 14-00004 in the § 341 meeting held in the Debtor's Chapter 7 case and that he was contacted by counsel for Suntrust/MERS regarding a possible settlement. At the hearing the Trustee requested the Court take judicial notice of the magistrate judge's Findings and Recommendations and order of the U.S. District Court adopting the Findings and Recommendations in full and dismissing all of Debtor's claims in Case No. CV 13-159-M, which the Court granted. The Trustee testified that the probability of success in the litigation in Adv. 14-4 is low because of the magistrate judge's Findings and Conclusions in Case No. CV 13-159-M, and the fact that the foreclosure sale of Debtor's residence has taken place and is final. The Debtor did not cross examine the Trustee.

The Debtor testified in opposition to the settlements. She testified that she was directed to fall behind in her mortgage payments, and she does not want to walk away from the equity in her residence, which she estimated was $175,000. Debtor wants the ability to conduct discovery to prove her claims.

## DISCUSSION

This Court addressed the test for compromise and settlement under F.R.B.P. Rule 9019(a) in *In re Schrock*, 9 Mont. B.R. 414, 416-417 (Bank. D. Mont. 1991) as follows:

> "Although the bankruptcy court has great latitude in authorizing a compromise, it may only approve a proposal that is 'fair and equitable.'" *Woodson v. Fireman's Fund Ins. Co.*, 839 F.2d 610, 620 (9th Cir. 1988) (Citing *Martin v. Kane (In re A & C Properties)*, 784 F.2d1377, 1380-81 (9th Cir.) *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed. 2d 122 (1986). In evaluating a settlement, the Court must consider:

'(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views of the premises.' *A & C Properties*, 784 F. 2d at 1381.

*Woodson*, 839 F. 2d at 620 (additional citation omitted).

See also *In re MGS Marketing*, 111 B.R. 264 (9th Cir. BAP 1990). In addition to the four prong test set forth in *A & C Properties*, it is also well established that the law favors compromise. *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976). In accordance with that principle, Bankruptcy Rule 9019(a) gives this Court broad authority to approve a compromise or settlement. *In re General Store of Beverly Hills*, 11 B.R. 539, 542 (9th Cir. BAP 1981). The determination of whether to approve a compromise or settlement is a matter within the sound discretion of this Court. *Providers Benefit Life Insurance Co. v. Tidewater Group, Inc.*, 13 B.R. 764, 765 (Bankr. N.D.Ga. 1981). *See also, In re Lions Capital Group*, 49 B.R. 163, 175-76 (Bankr. S.D. N.Y. 1985).

The first factor is probability of success in the litigation. The Trustee testified that the probability of success in Adv. Pro. 14-00004 is low because of the decision by the U.S. District Court in Case No. CV 13-159-M. The Debtor wants to conduct discovery in the hope of proving her claims. Recognizing that a risk always exists in litigation, the Court agrees with the Trustee that the estate has low probability of success in the litigation against Seterus, Fannie Mae, Suntrust and MERS.

Under Rule 201, Fed. R. Evid., courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *see Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial systems, if those proceedings have a direct relation to matters at issue.'", quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir.

6

1992)).  The court may use judicially noticed facts to establish that a claim does not state a claim for relief.  *Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).  The court also can take judicial notice of papers filed in related litigation, *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997), and papers filed in an underlying bankruptcy case are subject to judicial notice in related adversary proceedings.  *O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989).

        The U.S. District Court's order adopting the magistrate judge's Findings and Recommendations in Case No. CV 13-159-M is final.  Judgment was entered dismissing Debtor's claims against Suntrust, Fannie Mae and MERS.  The Debtor did not appeal.  Of the proposed settlements, only Seterus was not a party in Case No. CV 13-159-M.  With respect to MERS, Fannie Mae and Suntrust, a real risk exists that the doctrine of claim preclusion may be invoked in Adv. Pro. 14-00004 because of the identity of the parties, of the final decision in Case No. CV 13-159-M and of other factors.  If claim preclusion was not successful the defendants could argue for application of the doctrine of issue preclusion and, if that was not successful, defendants could seek dismissal of Debtor's claims based on Rule 12(b)(6) just as they pursued successfully in Case. No. CV 13-159-M.

        It is true that Debtor's complaint in Adv. Pro. 14-00004 avers different claims for relief than her ten claims, which were dismissed in Case No. CV 13-159-M.  Courts have a duty to construe pro se pleadings liberally.  *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  On the other hand it is clear that the trustee's sale of Debtor's residence to Fannie Mae was concluded more than a year ago.  The claims for relief asserted in the complaint are those of a pro se Debtor,

7

in whose shoes the Trustee has stepped into and now argues that the probability of success on the merits on those claims is low.  Based on the Trustee's testimony, the Court finds and concludes that the first *A & C Properties* factor weighs in favor of approval of the settlements.

The second *A & C Properties* factor is the difficulties, if any, to be encountered in the matter of collection.  Defendants are large institutions.  The second *A & C Properties* factor does not weigh in favor of settlement.

The third *A & C Properties* factor to be considered is the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it.  The Court finds that this third factor weighs in favor of approval of the settlements.  The Debtor's legal theories are complex, but the Trustee would have to pursue those theories.  The Defendants are large financial institutions who can afford to defend the case vigorously.  The Trustee seeks approval of the settlements for $1,800 each.  The Court concludes that the litigation is complex and that the litigation would impose upon the estate high costs, inconvenience and delay to administration.  The Court finds and concludes that the third *A & C Factor* weighs in favor of approval of the settlement.

The fourth *A & C Properties* factor requires the Court consider the paramount interest of the creditors and a proper deference to their reasonable views of the premises.  No objection to approval of the settlements was filed by any creditor.  Only the Debtor objects.  The Trustee's support of approval of the settlements suggests that the settlements are in the best interest of the creditors.

With a settlement, the cost to the estate of litigating the remaining claims for relief in Adv. Pro. 14-00004, if any, will be reduced, and some funds will be available to pay costs of

administration and perhaps a distribution.  Debtor's opposition to the settlements is in
furtherance of her attempt to save equity in her residence, which would not be available to
distribution to creditors due to her homestead.  The Court finds and concludes that the fourth *A &
C Properties* factor weighs in favor of approval of the settlement.

The first, third and fourth *A & C Properties* factors weigh for settlement.  The second  *A
& C Properties* factor weighs against settlement.  Exercising its discretion after consideration of
the *A & C Properties* factors, the Court  concludes that the proposed settlements of the estate's
claims in Adv. Pro. 14-00004 against Seterus, Fannie Mae, Suntrust and MERS both are fair and
equitable and satisfies Rule 9019(a).

## CONCLUSIONS OF LAW

1.  This Court has jurisdiction of this Chapter 7 bankruptcy under 28 U.S.C. § 1334(a).

2.  The Debtor's claims in Adv. Pro. 14-00004 are core proceedings under 28 U.S.C. §
157(b)(2).

3.  The Trustee satisfied his burden of proof under F.R.B.P. 9019(a) to show that the
terms of the proposed settlements of the Debtor's claims against Seterus, Fannie Mae, Suntrust
and MERS are fair and equitable and in the best interests of creditors and the estate, after
consideration of the four factors identified in *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377,
1380-81 (9th Cir.), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189, 93
L.Ed. 2d 122 (1986).

**IT IS ORDERED** separate Orders shall be entered in conformity with the above
overruling the Debtor's objections and:  (1) granting the Trustee's Motion to approve
compromise settlement with Suntrust and MERS (Doc. 52) in Case No. 13-61650-7; (2) granting

the Trustee's Motion to approve compromise settlement with Seterus and Fannie Mae (Doc. 61); and (3) granting the Request for Judicial Notice filed by Seterus and Fannie Mae (Doc. 18 in Adv. Pro. 14-00004).

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana